# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEESYA D. ROSS, | : | |
| Plaintiff, | : | Case No. 3:13cv00038 |
| vs. | : | District Judge Timothy S. Black |
| | | Chief Magistrate Judge Sharon L. Ovington |
| TELEPERFORMANCE USA, INC., et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Keesya D. Ross, a resident of the Fairborn, Ohio, brings this case *pro se* against her former employer, Teleperformance USA, Inc., and many of her former fellow employees, supervisors, or managers.  Plaintiff has submitted a copy of the Notice of Right to Sue she received from the United States Equal Employment Opportunity Commission.  (Doc. #2, PageId at 40).

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that it raises frivolous or malicious claims. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B).

Reviewing an *in forma pauperis* Complaint under §1915(e)(2)(B), the Court asks whether it raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational. *See Denton,* 504 U.S. at 32-33; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of an *in forma pauperis* Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court. 28 U.S.C. §1915(e)(2)(B)(ii-iii). The Court's preliminary review of Plaintiff's *pro se* Complaint assumes the truth of her allegations and construes them liberally in her favor. *See Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

2

Plaintiff's Complaint in the instant case does not raise malicious, delusional, or wholly irrational allegations. *See Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008); *see also Jones v. Schmaker*, 1999 WL 1252870 at 1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts." (citing *Lawler,* 898 F.2d at 1198-99)). Plaintiff instead raises factual allegations concerning sex and race discrimination, and retaliation, under Title VII of the Civil Rights Act of 1964. A Title VII Plaintiff is not required to plead each and every element of a prima facie case of Title VII discrimination. *See Lindsay v. Yates*, 498 F.3d 434, 439 (6th Cir. 2007)(discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). "The prima facie case under *McDonnell Douglas*[2] ... is an evidentiary standard, not a pleading requirement.'" *Lindsay*, 498 F.3d at 439 (quoting *Swierkiewicz*, 534 U.S. at 510). "Thus ... an employment-discrimination plaintiff satisfies her pleading burden by drafting 'a short and plain statement of the claim' consistent with Federal Rule of Civil Procedure 8(a). Provided that the plaintiff 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' the complaint must be upheld." *Lindsay*, 498 F.3d at 439 (internal citations omitted).

In light of the many specific factual allegations Plaintiff's Complaint asserts, she has satisfied her burden to provide fair notice of the grounds for her race and sex claims as well as her retaliation claim against Defendant Teleperformance USA, Inc. To require Plaintiff to

---

[2] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

allege additional facts at this point in the case review would be the equivalent of requiring her to allege each fact of a prima facie case under Title VII.  Since this would be contrary to *Swierkiewicz* and since – as the Supreme Court explained in *Swierkiewicz* –  any doubt about this may be resolved by one of the methods provided by the Federal Rules of Civil Procedure, such as a motion for more definite statement under Fed. R. Civ. P. 12(e), *see Swierkiewicz*, 434 U.S. at 514, Plaintiff's Complaint against her former employer is not subject to *sua sponte* dismissal.

In contrast, it is clear from the allegations set forth in the Complaint that Title VII provides no basis for her claims of employment discrimination against the individual Defendants in their individual or personal capacities.  Title VII does not provide a cause of action against individuals who are not "employers" within the meaning of this statute.  *See Wathen v. General Electric Co.*, 115 F.3d 400, 404-05 (6th Cir. 1997).  Because nothing in the Complaint indicates that any of the individuals were Plaintiff's "employer" within the meaning of Title VII, her claims against them fail as a matter of law.  *See id*.

Lastly, Plaintiff alleges that the Teleperformance USA, Inc. and the individual defendants gave false statements about her to the Equal Employment Opportunity Commission and in connection with her application for unemployment benefits.  Accepting Plaintiff's allegations as true and construing her Complaint liberally in her favor, she asserts state-law claims against each defendant under theories of slander and defamation at this early stage of the case.  The Court presently has supplemental jurisdiction over such claims.  *See* 28 U.S.C. §1367(a).

Accordingly, Plaintiff's Complaint against Teleperformance USA, Inc. and Plaintiff's

state-law claims against the individual Defendants are not subject to dismissal under 28 U.S.C. §1915(e)(2)(B).  Plaintiffs' Title VII claims against the individuals Defendants are subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. #2) against Teleperformance USA, Inc. not be dismissed;

2. Plaintiff's state-law claims against Mynette Murrell, Troy Naboors, Brian Harris, Brian Throckmorton, Calbert Duvall, Charles Tyree, Janette Jack, and Chris Stewart not be dismissed.

2. Plaintiff's Title VII claims against Mynette Murrell, Troy Naboors, Brian Harris, Brian Throckmorton, Calbert Duvall, Charles Tyree, Janette Jack, and Chris Stewart be DISMISSED; and

3. The United States Clerk of Court be directed to serve a copy of the Complaint and attached Exhibits together with a summons upon each Defendant named in the Complaint.  All costs of service to be advanced by the United States.

February 12, 2013

                                                  s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                    Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen [14] days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen [17] days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen [14] days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).