# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEESYA D. ROSS, | : | |
| Plaintiff, | : | Case No. 3:13cv00038 |
| vs. | : | District Judge Timothy S. Black |
| | | Chief Magistrate Judge Sharon L. Ovington |
| TELEPERFORMANCE USA, INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

# ORDER

On February 6, 2013, Plaintiff Keesya D. Ross brought this case *pro se* against her former employer, TPUSA, Inc. (d.b.a. Teleperformance USA), and many of her former fellow employees, supervisors, or managers. Plaintiff submitted a copy of the Notice of Right to Sue she received from the United States Equal Employment Opportunity Commission. (Doc. #2 at 40).

After granting Plaintiff's Application to Proceed *in forma pauperis*, the Court conducted a *sua sponte* review of Plaintiff's Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. (Doc. #4). On February 13, 2013, the undersigned issued an Amended Report and Recommendations (Doc. #4) recommending dismissal of Plaintiff's

Title VII claims against Defendants Mynette Murrell, Troy Naboors, Brian Harris, Brian Throckmorton, Calbert Duvall, Charles Tyree, Janette Jack, and Chris Stewart. (*See* Docs. ##4, 7). No other claims set forth in Plaintiff's Complaint were recommended to be dismissed. On March 8, 2013, District Judge Timothy S. Black adopted the Amended Report and Recommendations and dismissed Plaintiff's Title VII claims as to Defendants Murrell, Naboors, Harris, Throckmorton, Duvall, Tyree, Jack and Stewart. (Doc. #7 at 1-2).

On March 13, 2013, Plaintiff filed a Motion to Amend her Complaint (Doc. #9). In this Motion, Plaintiff cites to Fed. R. Civ. P. 15(a)(1) and requests leave to file her "First Amended Complaint and Demand for Jury Trial" (Doc. #9-1), as well as attached Exhibits D, E, G, H, and I.[1] (Docs. ## 9-2 to 9-6). Defendants were served with a copy of Plaintiff's original Complaint by the United States Marshals Service on April 17, 2013, (Doc. #13), and subsequently filed a Motion for Extension of Time to Answer (Doc. #15) on May 9, 2013. Plaintiff filed a Response in Opposition on May 10, 2013 (Doc. #16), as well as an Application to Clerk for Entry of Default against Defendants Murrell, Tyree, Throckmorton, Naboors, and Stewart. (Doc. #17). Defendant Teleperformance thereafter filed a Reply to Plaintiff's Response in Opposition (Doc. #18), as well as a Motion to Strike Plaintiff's Application to enter Default Judgment (Doc. #20). This case is presently before the Court upon the above-referenced motions.

---

[1] Plaintiff did not attach an exhibit marked as "Exhibit F."

Turning first to Plaintiff's Motion to Amend her Complaint (Doc. #9), the Court notes Plaintiff is correct that, pursuant to Fed. R. Civ. P. 15(a)(1), she may still amend her Complaint as a matter of course. Plaintiff, however, did not need to seek leave to do so, and accordingly, her motion requesting leave be provided is moot. *See Broyles v. Correctional Medical Servs., Inc.*, 2009 U.S. App. LEXIS 5494, *3-4 (6th Cir. 2009) (finding district court erred by striking plaintiff's amended complaint because plaintiff had an "absolute right" to amend the complaint once as a matter of course).

Instead of directing the Clerk of Court to docket Plaintiff's "First Amended Complaint and Demand for Jury Trial," as well as Exhibits D, E, G, H, and I (Docs. #9-2 to 9-6), at this time, the Court believes all parties, as well as the Court's administration of this case, would greatly benefit by providing Plaintiff, proceeding *pro se,* with the opportunity to clarify and restructure certain portions of what is presently attached, but not yet filed as, her "First Amended Complaint and Demand for Jury Trial." (Doc. #9-2).

Specifically, Plaintiff should revise her "First Amended Complaint and Demand for Jury Trial" so that allegations incorporated only by reference to her original Complaint (Doc. #2) are removed. In other words, if Plaintiff wishes to include an allegation from her original Complaint in her First Amended Complaint, she should restate that allegation in her First Amended Complaint. There should not be references back to the original Complaint (Doc. #2) Plaintiff seeks to replace. Plaintiff likewise should appropriately label and re-attach all exhibits she wishes to file with her revised Amended Complaint.

In order for Defendants to be able to properly (and promptly) respond to Plaintiff's allegations, Plaintiff should also clarify *exactly* which claims she is raising against which Defendants.  She is further instructed that she is not permitted to use her Amended Complaint to again raise claims against Defendants that were previously dismissed by this Court.  *See* Doc. #7 (dismissing Plaintiff's Title VII claims against Defendants Murrell, Naboors, Harris, Throckmorton, Duvall, Tyree, Jack and Stewart).  To the extent Plaintiff seeks to add additional defendants in this matter, she is also reminded it is her responsibility to take the proper steps to effect timely service of summons and her Complaint upon such parties.

Upon completion of her desired revisions, Plaintiff may then simply file her revised First Amended Complaint without the need to seek leave of court to do so. Again, Plaintiff should note that she is only permitted to amend her Complaint **once** as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), and therefore should use this opportunity to ensure her revised First Amended Complaint is as clear and concise as possible before filing with this Court.  Making the changes recommended in this Order will assist her in meeting this objective.  Absent an extension of time, Defendants will thereafter respond to Plaintiff's revised First Amended Complaint within 14 days after service occurs.  *See* Fed. R. Civ. P. 15(a)(1)(B)(3).

Due to the anticipated filing of Plaintiff's revised First Amended Complaint, Defendant Teleperformance's Motion for Extension of Time (Doc. #15) and Plaintiff's Application to Clerk for Entry of Default against Murrell, Tyree, Throckmorton, Naboors,

and Stewart (Doc. #17) are moot.  Defendant Teleperformance's Motion to Strike Plaintiff's Application to Clerk for Entry of Default (Doc. #20) is therefore well taken.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff Keesya D. Ross' Motion to Amend Complaint (Doc. #9) is DENIED as moot;

2. Plaintiff shall file her revised First Amended Complaint with the Court **on or before June 14, 2013**;

3. Defendants' Motion for Extension of Time to File Answer (Doc. #15) is DENIED as moot;

4. Defendants' Motion to Strike Plaintiff's Application to Enter Default Judgment (Doc. #20) is GRANTED; and,

5. The case remains pending on the docket of this Court.

May 16, 2013

              s/Sharon L. Ovington
              Sharon L. Ovington
           Chief United States Magistrate Judge