# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEESYA D. ROSS, | : | |
| Plaintiff, | : | Case No. 3:13cv00038 |
| vs. | : | District Judge Timothy S. Black |
| | | Chief Magistrate Judge Sharon L. Ovington |
| TELEPERFORMANCE USA, INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## ORDER

On September 25, 2013, the undersigned issued a Report and Recommendations recommending dismissal of the majority of Plaintiff Keeysa D. Ross's claims in this employment discrimination case. (Doc. #34). Defendant TPUSA was provided with an extension of time to file an Answer until 14 days after the Court ruled on the Report and Recommendations. On November 25, 2013, District Judge Timothy S. Black issued a Decision and Entry (Doc. #46) adopting the Report and Recommendations (Doc. #34) in its entirety. Defendant TPUSA's Answer was therefore due 14 days later: on or before December 9, 2013.

Defendant TPUSA did not timely file an Answer. On December 13, 2013, Plaintiff filed a "Motion and Affadavit [sic] for Entry of Default," in which she "requests the clerk to enter default of defendant TPUSA, Inc.," as well as, "moves this court to

sustain this motion and grant default judgment in plaintiff's favor." (Doc. #48). On December 15, 2013, Defendant TPUSA filed a response in opposition to Plaintiff's "Motion and Affadavit [sic] for Entry of Default," contending "(1) Plaintiff's motion is premature as no default has been entered; (2) TPUSA has actively defended the case and Fed. R. Civ. P. 55 permits default judgments only where the nonmoving party 'has failed to plead or *otherwise defend*' against a claim (emphasis added); and (3) the failure of TPUSA to file an Answer was the result of excusable neglect." (Doc. #49 at 1).

Plaintiff subsequently replied that "Default is not premature due to motion that was filed was an application for Entry of Default and was not a Motion for Default Judgment . . ." (Doc. #53). Although Plaintiff now contends the document she filed was actually an application for an entry of default, she specifically titled it as a "*Motion* and Affadavit [sic] for Entry of Default," and stated she "*moves* this court to sustain *this motion* . . . ." (Doc. #48 at 1) (emphasis added). The filing was also docketed by the Clerk of Court as a motion, and responded to by Defendant TPUSA as such. Plaintiff may be proceeding *pro se* and entitled to liberal construction of her filings, however, such construction is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Despite Plaintiff's contentions otherwise, the Court construes her "Motion and Affadivt [sic] for Entry of Default" (Doc. #48) as a motion for default judgment. Accordingly, it is procedurally inappropriate.

Fed. R. Civ. P. 55 provides for a two-step process in obtaining a default against a defendant who has failed to plead or otherwise defend. A plaintiff must first request from

2

the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). Thereafter, and upon receiving an entry of default, the plaintiff then must move the Court for a default judgment. Fed. R. Civ. P. 55(b). Here, Plaintiff moved the Court for a default judgment prior to an entry of default from the Clerk of Court. Accordingly, her "Motion and Affadavit [sic] for Entry of Default" was prematurely filed. Even if Plaintiff had not procedurally erred, her request is without merit as Defendant TPUSA has not "failed to otherwise defend" against the claim. Defendant TPUSA has already filed a motion to dismiss, responded to Plaintiff's numerous motions, and provided its lay witness list to Plaintiff. Default judgment is a "drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. Inc. v. Seaboard Coastline RR*, 705 F.2d 839 (6th Cir. 1983).

Defendant TPUSA also subsequently filed a Motion for Leave to File Answer Instanter (Doc. #51) on December 17, 2013, informing the Court that its failure "to file its Answer on or before December 9, 2013 was an unintentional clerical oversight as defense counsel unwittingly failed to submit the Answer deadline for processing through counsel's internal docketing system," and requesting leave to file its Answer. (Doc. #49 at 3-4). Defendant asserts that Plaintiff will not be prejudiced by the short delay, the delay was not made intentionally or in bad faith, and that prompt efforts have been taken to correct the issue. (Doc. #49 at 4). Plaintiff opposes Defendant TPUSA's request for leave to file its Answer instanter for a variety of reasons. *See* Doc. #53.

Fed. R. Civ. P. 6(b)(1) provides, in pertinent part, that "[w]hen an act may or must

3

be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Factors the Court considers in determining whether excusable neglect has been establish include: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Coast to Coast Health Care Servs. v. Meyerhoffer*, 2011 U.S. Dist. LEXIS 65181 (S.D. Ohio 2011) (citing *Nafziger v. McDermott Int'l Inc.,* 467 F.3d 514, 522 (6th Cir. 2006); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

     Here, the failure to file a timely answer appears to be the result of an unintentional clerical oversight on the part of Defendant's counsel. (Doc. #49 at 3-4). Although Plaintiff believes Defendant TPUSA acted in bad faith, she has submitted no evidence supporting her conclusion. Likewise, Defendant TPUSA's actions do not tend to indicate its failure was anything more than an unfortunate mistake. For example, upon learning of the missed deadline, Defendant TPUSA promptly moved for leave to file its answer and provided a copy of its proposed answer. Such a short delay in filing its answer will not prejudice Plaintiff nor impact the Court's ability to resolve this case in a timely manner. Accordingly, the Court concludes that Defendant TPUSA has demonstrated excusable neglect for its failure to timely file an answer and is therefore granted leave to do so.

Also pending before the Court is Plaintiff's motion to strike Defendant TPUSA's Motion for Leave to File Answer Instanter (Doc. #51) and Response in Opposition to Plaintiff's Motion for Default Judgment (Doc. #49). Fed. R. Civ. P. 12(f) permits courts to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored and should be used sparingly and only in cases where the material at issue has "no possible relation to the controversy." *Anderson v. U.S.*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown v. Williamson Tobacco Corp v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)). It is clear from Plaintiff's filings that she opposes Defendant TPUSA's Motion for Leave to File Answer Instanter (Doc. #51) and disagrees with its Response in Opposition (Doc. #49) to her "Motion and Affadavit [sic] for Entry of Default" (Doc. #48), however, the Court may not simply strike these documents due to Plaintiff's displeasure with them. Plaintiff cited Fed. R. Civ. P. 12(f) in her motion, however, she failed to provide any justification sufficient for striking any of Defendant TPUSA's filings, whether in whole or in part. Accordingly, Plaintiff's Motion to Strike lacks merit.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "Motion and Affadavit [sic] for Entry of Default" (Doc. #48) is DENIED;

2. Plaintiff's Motion to Strike (Doc. #54) is DENIED;

3. Defendant TPUSA's Motion for Leave to File Answer Instanter (Doc. #51) is GRANTED;

4. The Clerk of Court is directed to docket Defendant TPUSA's Answer,

       presently attached as a proposed Answer (Doc. #51-1); and,

5.     The case remains pending on the docket of this Court.

January 9, 2014

                                           s/Sharon L. Ovington
                                            Sharon L. Ovington
                                 Chief United States Magistrate Judge