IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEESYA D. ROSS, | : | |
| Plaintiff, | : | Case No. 3:13cv00038 |
| vs. | : | District Judge Timothy S. Black<br>Chief Magistrate Judge Sharon L. Ovington |
| TELEPERFORMANCE USA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Keesya D. Ross was employed with Defendant TPUSA, Inc., d.b.a. Teleperformance USA ("TPUSA"), as a customer service representative at its Fairborn, Ohio call center. She was responsible for handling calls from customers seeking to cancel services of TPUSA's client accounts.

Following an incident in the call center, Ross's employment was terminated on June 19, 2012. *See* Doc. #91. She filed this case in February 2013, alleging that TPUSA terminated her employment in retaliation for her complaints of alleged race- and sex-based discrimination and because she planned to file a complaint with the EEOC. Ross claimed that her termination violated her rights under Title VII of the Civil Rights Act of

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

1963, 42 U.S.C. § 2000e *et seq.*, and the Ohio Civil Rights Act, Ohio Rev. Code § 4112 *et seq.*

On June 5, 2014, the undersigned issued a Report and Recommendations in this case recommending that Defendant TPUSA's Motion for Summary Judgment (Doc. #86) be granted and this case be terminated on the docket of this Court.[2] (Doc. # 91, *PageID#* 1600-1626). Ross filed objections to the Report and Recommendations and Defendant TPUSA responded timely. (Docs. #92, 93). On July 14, 2014, United States District Judge Timothy S. Black issued a Decision and Entry overruling Plaintiff's objections; adopting the Report and Recommendations in its entirety; and entering judgment in favor Defendant TPUSA and against Plaintiff. (Doc. #94, *PageID#* 1701-02). The Clerk of Court entered Judgment the same day. (Doc. #95).

Presently, this case is before the Court upon Plaintiff's Motion to Amend or Alter Judgment (Doc. #96), Defendant TPUSA's Memorandum in Opposition (Doc. #97), and the record as a whole.[3]

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804,

---

[2] At the time TPUSA filed its motion for summary judgment, Ross's retaliation claims against Defendant TPUSA were the only claims still pending in this case. (Docs. ##34, 46).

[3] Ross did not file a reply to Defendant TPUSA's Memorandum in Opposition (Doc. #97) filed on August 18, 2014. The time for doing so has since expired.

834 (6th Cir. 1999)).  Ross argues that "dismissal of [her] case [is a] manifest injustice by not allowing [her] to present evidence to the court and [the] decision made by Judge was made of no basis of fact [be]cause [she] was not terminated for an 'outburst' plain and simple."  (Doc. #96, *PageID#* 1708).  Accordingly, Ross requests the following:

> Plaintiff respectively request that entry of judgment to grant summary judgment on behalf of Defendants be altered and amended allowing plaintiff to Amend Supplement the record and file a response to Defendants Reply Brief in Support of Motion for Summary Judgment due to there Are still many issues that raise an interference and should be allowed to be tried by a fact finder.  And allow plaintiff case to remain on the docket and not be terminated.

(Doc. #96, *PageID#* 1708)(verbatim).  In response, Defendant TPUSA argues that Ross's Rule 59(e) motion is untimely and should be denied.

Fed. R. Civ. P. 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  As Judgment was entered in this case on July 14, 2014, Plaintiff therefore had until August 11, 2014 to file a motion to alter or amend judgment.[4]  Since Plaintiff's motion was filed on August 15, 2014 – four days after the entry of judgment – it is not properly before the Court and should be denied accordingly.  *See Miller v. Smith*, 381 Fed. Appx. 508, 510-11 (6th Cir. 2010) (finding

---

[4] The three-day extension of time provided under Fed. R. Civ. P. 6(d) is only applicable "when a party may or must act within a specified time *after service* . . . ." (emphasis added).  As Fed. R. Civ. P. 59(e) provides that a motion to alter or amend be filed not later than 28 days after judgment is entered – and not from the date of service – Ross had until August 11, 2014 to file her motion.  *See FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 682 (6th Cir. 1999)(holding that three-day extension of time does not apply where deadline runs from entry of judgment, not service).  Even if the three-day extension of time in Fed. R. Civ. P. 6(d) was applicable, Ross's motion would nevertheless still be untimely as it was filed on August 15, 2014 (four days after the 28-day deadline set forth in Fed. R. Civ. P. 59(e) had passed).

district court did not abuse its discretion in holding an untimely filed 59(e) motion was not properly before the court for consideration).  Ross's *pro se* status likewise does not excuse such a delay.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)("while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

## IT IS THEREFORE RECOMMENDED THAT:

1. Ross's Motion to Amend or Alter Judgment (Doc. #96) be DENIED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and,

3. The case remains terminated on the docket of this Court.

September 8, 2014

                  s/Sharon L. Ovington
                  Sharon L. Ovington
             Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).